IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR V. STUART,<br>   Petitioner<br><br>vs<br><br>WARDEN FRANCISCO J. QUINTANA,<br>   Respondent. | C.A. No. 08-314 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that this *Petition for Writ of Habeas Corpus* be dismissed as moot. A certificate of appealability should be denied.

II.    REPORT

   A.    **Relevant Procedural and Factual History**

On November 13, 2008, Petitioner Jamar V. Stuart, an inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the disciplinary action taken by the Bureau of Prisons ("BOP") in connection with Incident Report 1618353. In particular, Petitioner alleges that the BOP used the incorrect code to define Petitioner's violation of the rules governing inmate conduct.

On March 11, 2009, Respondent filed a Notice of Suggestion of Mootness arguing that Petitioner's petition should be dismissed because the incident report at issue has been amended by the Disciplinary Hearing Officer ("DHO") to reflect the proper offense code. [Document # 9]. Specifically, Respondent indicates that on February 12, 2009, Petitioner's offense code was reduced from Code 108, Possession of a Hazardous Tool, to Code 305, Possession of Anything Not Authorized. (See Document 1a attached to Document # 9, at p. 2; Declaration of Vanessa

1

Herbin-Smith attached as Document 2 to Document # 9, at ¶ 5). The sanction imposed for the offense was also reduced from a disallowance of 40 days of good conduct time ("GCT") to a disallowance of 13 days GCT. (Id.). Respondent contends that, "[b]ecause the [habeas] Petition challenges only the actions taken in connection with the original incident report, and does not extend to the actions taken in connection with the amended DHO Report, all issues raised in the Petition are moot."

Upon receipt of Respondent's Notice, this Order issued an Order directing Petitioner to file a response to the Notice by April 7, 2009, indicating why his petition should not be dismissed as moot. To date, Petitioner has failed to file a response. This matter is now ripe for consideration.

**B.     Discussion**

If a habeas petition is rendered moot, a federal court must dismiss the petition for lack of subject matter jurisdiction. See Chong v District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001), citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 90 (1998). Mootness issues must be resolved "even when not raised by the parties, before turning to the merits." Chong, 264 F.3d at 383. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). This occurs when: (1) the alleged violation has ceased, and there is no reasonable expectation that it will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)(citations omitted). Thus, a case is moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party." In re Overland Park Fin. Corp., 236 F.3d 1246, 1254 (10th Cir. 2001), quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992).

Here, the Incident Report at issue in this case has been amended to correct the inaccurate information that is challenged by Petitioner in his habeas petition. As a result, there is no case or controversy for this Court to consider, and it is now "impossible for the court to grant

2

[Petitioner] any effectual relief whatever." Overland Park, 236 F.3d at 1254. Because there is "nothing for the court to remedy," the Petition should be dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 18 (1998).

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

Because Petitioner's claim is moot, a certificate of appealability should be denied.

## III. CONCLUSION

Because Petitioner's claim is now moot, this Court recommends that this *Petition for Writ of Habeas Corpus* be dismissed. A certificate of appealability should be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute

3

a waiver of any appellate rights.  See, Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: May 22, 2009

cc: The Honorable Sean J. McLaughlin
United States District Judge